UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

United States of America
      Plaintiff,

                                                                           Docket No. 1:24-cr-3

      v.

Alton Ryan,
      Defendant

_____

## MOTION TO MODIFY BAIL

Alton Ryan moves to modify his bail to permit him to be released to the Turning Point Substance Use Disorder Residential Rehabilitation Program in Dover.

The Government objects to a modification of bail.

As grounds, Mr. Ryan states:

1. He is charged with conspiracy to distribute narcotics.

2. On February 29, 2024, Mr. Ryan stipulated to detention under 18 U.S.C. § 3142(f), without prejudice to seek to review.

3. At that time, Mr. Ryan was held in lieu of bail on state court charges. Subsequently, his bail was reduced to personal recognizance, and he was transferred to federal custody at the Strafford County House of Corrections.

4. Since his transfer to federal custody, Mr. Ryan was accepted into the Therapeutic Community (TC). In addition, has received a letter from TC stating that his "progress in the program is excellent. He contributes to the group discussions and has a positive attitude. Alton goes far above expectations when it comes to his journaling and program work." Finally, on December 19, 2024, he was accepted into Turning Point.

5. Mr. Ryan is 52 years old. Before his transfer into federal custody on this charge, he completed FOCUS while at the State Prison on a parole setback. His work at the jail exemplifies his progress toward understanding his substance use disorder and charting a course that will allow him to break the cycle of drug use and distribution that has dominated the last several years.

6. This court has the authority to review a detention order. 18 U.S.C. § 3142(f)(2)(B); § 3145(b). There is a rebuttable presumption of detention in this case. 18 U.S.C. § 3142(e)(2). Mr. Ryan has rebutted that presumption. He was accepted into TC on September 17, 2024. Since then, Mr. Ryan has demonstrated a motivation toward rehabilitation that his counselor has deemed exceptional. He has produced a journal of self-refection, which speaks to his capacity to understand and atone for his past conduct. Mr. Ryan's pursuit of acceptance into Turning Point was self-motivated and indicative of his desire to continue substance use therapy in a manner and to a degree the jail cannot provide. In sum, he has demonstrated traits of character, see 18 U.S.C. § 3142(g)(3)(a), which render him an appropriate candidate for

supervised release, with conditions to include remaining at Turning Point for the purpose of receiving substance use treatment, see 18 U.S.C. § 3142(c)(1)(B)(x); the automatic revocation of bail if he leaves Turning Point or is discharged; and a hearing upon completion of Turning Point to determine whether he shall return to detention.

WHEREFORE, Mr. Ryan requests that the court grant his motion to modify the conditions of his bail.

Respectfully submitted,

ALTON RYAN

By his attorney,

ROTHSTEIN LAW LLC

By: /s/ David M. Rothstein
David M. Rothstein, N.H. #5991
100 High Street
Exeter, N.H.  03833
(603) 580-3980
rothsteindm@outlook.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the Assistant United States Attorney this 26 day of, December, 2024, via ECF.

/s/ David M. Rothstein
David M. Rothstein