UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 24-cr-03-SM |
| | ) | |
| | ) | |
| ALTON RYAN | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM AND**
**REPLY TO DEFENDANT'S SENTENCING MEMORANDUM**

The defendant, a career offender with a lengthy criminal record, worked with his co-conspirators and distributed large quantities of fentanyl and methamphetamine. Then, while involved in this drug distribution conspiracy and while driving a car stocked with drugs and weapons, local law enforcement attempted to stop the defendant for a motor vehicle infraction. The defendant led them on a high-speed chase, placing the public in danger as he attempted to evade law enforcement. The defendant's dangerous drug trafficking behavior and history warrant 151 months' imprisonment and three years of supervised release.

**I.    The Plea Agreement.**

Based on all the facts and circumstances of this case, the parties entered into a plea agreement pursuant to Criminal Rule of Procedure 11(c)(1)(C), agreeing that a sentencing range of 84 to 151 months' imprisonment is an appropriate disposition of this case.

When determining the appropriate sentence, the Court must consider the guidelines, any departures, and then the factors under 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007). "Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court's independent

obligation to exercise its discretion." *Freeman v. United States*, 564 U.S. 522, 529 (2011). The commentary to Guidelines section 6B1.2 further advises that the Court may accept an 11(c)(1)(C) agreement "only if [it] is satisfied either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence is outside the applicable guideline range for justifiable reasons and those reasons are set forth with specificity." U.S.S.G. § 6B1.2 at cmt.

## II. The Guideline Calculation and the Defendant's Motion for a Departure and Variance.

Probation determined that the applicable guideline sentencing range, after the adjustment for the defendant's acceptance of responsibility, is 188-235 months' imprisonment. Presentence Report ("PSR") ¶ 89. The government agrees with Probation's calculation.

While not contesting Probation's calculation, the defendant is requesting a downward departure from the career offender designation, arguing that the defendant's criminal record significantly overrepresents his past-criminal conduct, and he should properly be viewed as a Criminal History Category V. Def.'s Sent. Memo, ECF No. 222, pg. 5-8. The defendant further argues that should the Court agree that a departure is warranted, the Court should also vary downward to the methamphetamine mixture offense level, resulting in an offense level 30, with a total offense level 27. According to the defendant, the appropriate guideline sentencing range after considering his departure and variance requests would be 140-175 months' imprisonment.

First, the government objects to the defendant's request for a downward departure, as the defendant's qualifying convictions support the enhancement, and his criminal record does not "significantly overrepresent[ ] the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3. *See also United States v. Gendraw*, 337 F.3d 70, 72-73 (1st Cir. 2003); *United States v. Lindia*, 82 F.3d 1154, 1164-65 (1st

Cir. 1996) (finding that courts can properly apply a downward departure from the career offender category "if [the court] concludes that the category inaccurately reflects the defendant's actual criminal history, within the meaning of 18 U.S.C. § 3553(b).") (decision abrogated on different grounds). "To be entitled to such a departure [ ] the defendant must demonstrate that his case is so exceptional that it is set apart from typical cases." *Gendraw*, 337 F.3d at 72. The defendant cannot make that showing.

It does not appear that the defendant disputes Probation's criminal history calculation, but rather, is arguing that the defendant's conduct represented a single criminal episode and should reflect it. Def.'s Sent. Memo, ECF No. 222, pg. 6 – 7. The defendant appears to argue that one three-point conviction should not be scored, which would result in 12 criminal history points rather than 15. *Id.* This is one point shy of a Criminal History Category VI designation. This is not the type of "exceptional" case that distinguishes it from a "typical cases," warranting a departure. *See Gendraw*, 337 F.3d at 72.

Moreover, putting the number of criminal history points aside, and regardless of the sentences imposed, the defendant's convictions themselves reflect his ongoing, continued criminal conduct. The defendant characterizes a portion of his criminal record as "an episode of criminal activity in a short space of time rather than separate episodes where the defendant was arrested, sentenced, and released before committing a new offense." Def.'s Sent. Memo, ECF No. 222, pg. 7. However, this can also be characterized as a crime spree properly reflected by his convictions. This is not a reason for a departure.

The defendant's New Hampshire criminal record is significant. In 2015, the defendant was arrested for drug charges in Merrimack County, resulting in convictions for sale of methamphetamine, heroin, and fentanyl. PSR ¶ 50. On March 17, 2016, the defendant received a

3

sentence of 12 months in the house of corrections, and a 1 ½ to 5 year prison sentence all suspended for 10 years conditioned on good behavior. *Id.* On April 3, 2017, the defendant was arrested for sale of methamphetamine in Merrimack County and sentenced on April 19, 2018 to five to 15 years in the New Hampshire State Prison. PSR ¶ 52. On the same 2017 date, the defendant was arrested for multiple drug and gun convictions from Belknap County, resulting in convictions for felon in possession of a dangerous weapon and possession of clonazepam with intent to distribute. PSR ¶ 53. The defendant was sentenced to 2 ½ to 5 years in prison suspended, and one to three years stand-committed. *Id.* On April 25, 2017, the defendant was arraigned on charges, resulting in July 26, 2018 convictions for disobeying an officer, possession of a controlled drug, and obstructing government administration. PSR ¶ 54. The defendant was sentenced to 12 months in the house of corrections. *Id.* On August 10, 2017, the defendant was arrested for multiple drug charges out of Merrimack County, resulting in April 19, 2018 convictions for possession of methamphetamine, MDMA, Oxycodone, and Buprenorphine, with the intent to distribute (subsequent). PSR ¶ 55. The defendant was sentenced to 10 to 20 years in prison, suspended for seven years of good behavior, with five to 15 years in prison stand-committed. *Id.* In 2019, the defendant was convicted of conspiracy to deliver articles to prisoners and sentenced in 2020 to one to three years in prison. PSR ¶ 56.

Next, the defendant argues that his age and rehabilitative potential make him less of a recidivism risk. The defendant's history of parole violations belies this argument. PSR ¶¶ 52, 55, 56. Additionally, the defendant committed the instant offense while on parole and with 10 to 20 years in state prison suspended and actively imposable. PSR ¶ 55. Last, not even incarceration stopped the defendant from recidivating – he engaged in a conspiracy to distribute drugs while in prison. PSR ¶ 56. Therefore, the defendant's argument fails.

In sum, the defendant failed to establish that his case presents exceptional facts warranting the requested relief. The defendant's criminal record is not overstated, and the facts do not support a downward departure. Probation properly identified the defendant's criminal history category as VI. PSR § 59.

Next, the defendant requests a downward variance to the methamphetamine mixture offense level. The government does not object to this variance. This results in a total offense level of 30. However, with the application of the career offender enhancement, the resulting offense level is 32. U.S.S.G. § 4B1.1(b)(3). The defendant does not dispute that the applicable base offense level is 32. Def.'s Sent. Memo, ECF No. 222, pg. 5. After adjusting the offense level for the defendant's acceptance of responsibility, the total offense level is 29. As a criminal history category VI, with an offense level 29, the guideline sentencing range becomes 151 to 188 months' imprisonment.

### III.    The §3553(a) Factors Support the Government's Requested Sentence.

The government's requested sentence of 151 months' imprisonment is appropriate and reasonable. First, the nature and circumstances of the offense warrant the requested sentence. The defendant agreed and worked together with his co-conspirators to distribute fentanyl and methamphetamine from an autobody shop. *See* PSR ¶ 20. The defendant's ability to sell sizeable quantities of methamphetamine and fentanyl on three separate occasions in a one-month span to a confidential witness demonstrates the scope of his drug distribution business. PSR ¶¶ 21-23.

The defendant's criminal behavior escalated when he paired his drug trafficking with weapons and attempted to evade law enforcement during a routine traffic stop. On March 2, 2023, law enforcement attempted to stop the defendant for a motor vehicle violation. PSR ¶ 24. The defendant failed to stop, driving over 100 miles per hour, cutting in front of a vehicle, and

5

nearly causing an accident. *Id.* When eventually stopped, the defendant's car was searched and investigators located a Walter PPS 9 mm pistol, an AR-15 style rifle without a serial number, body armor, a machete, 246 grams of cocaine, and other drugs. PSR ¶ 25.

The defendant protected himself and his drugs with multiple weapons and body armor and engaged in serious, reckless behavior while evading law enforcement. The defendant's behavior was dangerous with potentially lethal consequences. *See United States v. Castillo*, 979 F.2d 8, 10 (1st Cir. 1992) (quoting the comments for U.S.S.G. § 2D1.1(b)(1), noting that the enhancement "reflects the increased danger of violence when drug traffickers possess weapons."). The nature and circumstances of the offense warrant a significant sentence.

Moreover, the government's requested sentence is appropriate because it contemplates punishment, deterrence, and promotes respect for the law. The defendant must be punished for his conduct and deterred from engaging in this behavior in the future. *See* 18 U.S.C. § 3553(a)(2)(A), (B). This is not the defendant's first, second, or even third conviction for a drug trafficking offense. PSR ¶¶ 50, 52, 53, 55. Not even prison time prevented the defendant from engaging in drug trafficking, as he continued doing so while incarcerated. PSR ¶ 56. In an effort to halt his criminal behavior, courts have imposed lengthy criminal sentences and suspended lengthy criminal sentences. It has not worked. The defendant continued engaging in drug trafficking after being released from prison, while on parole, and with a 10 to 20 year prison sentence suspended and actively imposable. PSR ¶ 55. The defendant's blatant disregard for court orders and sentences call for a higher punishment now.  What the defendant is requesting now is more of the same – a sentence similar in length to his prior sentences. But his escalated behavior demands an escalated response. The government's recommendation of 151 months' imprisonment – about twelve and a half years in prison – is appropriate and reasonable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ERIN CREEGAN<br>United States Attorney |
| Dated: October 3, 2025 | /s/ Heather A. Cherniske<br>Heather A. Cherniske<br>Assistant United States Attorney<br>NH Bar #19837<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301<br>Heather.cherniske@usdoj.gov |